Department of Highways of the Commonwealth of Pennsylvania, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued June 3, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

reargument refused November 17, 1958.

*Thomas D. McBride,* Attorney General, with him *Joseph J. Laws,* Special Counsel, *Michael Stack,* Deputy Attorney General, and *John R. Rezzolla, Jr.,* Chief Counsel, Department of Highways, for appellant.

*Miles Warner,* Assistant Counsel, with him *Jack F. Aschinger,* Assistant Counsel, and *Thomas M. Kerrigan,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*Walter T. Wardzinski,* with him *Thomas J. Munsch, Jr.,* and *Henry G. Wasson, Jr.,* for Duquesne Light Company, intervening appellee.

*David Dunlap,* with him *John T. Brown,* and *H. Robert Barnes,* for Equitable Gas Company, intervening appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, September 29, 1958:

In connection with the relocation and improvement of highway routes 70 and 72 in Etna and Sharpsburg Boroughs, Allegheny County, the Department of Highways filed an application with the Public Utility Commission requesting its approval of the proposed abolition and construction of a number of highway-rail crossings pursuant to §409 of the Public Utility

Code, Act of May 28, 1937, P. L. 1053, 1075, 66 PS §§1101, 1179. The application required the relocation of certain facilities of the Equitable Gas Company and Duquesne Light Company. The Commission, in addition to approving the application, allocated sixty per cent (60%) of the cost of relocating the above mentioned facilities upon the Department of Highways. From an affirmance of this order by the Superior Court, we granted an allocatur.

The basic question presented on this appeal is whether or not §411 of the Public Utility Code empowers the Commission to allocate to the Commonwealth the costs of relocating non-transportation utility facilities as an incident to a highway-rail crossing construction, relocation or abolition.

In the case of *Delaware River Port Authority v. Pennsylvania Public Utility Commission*, 393 Pa. 639, we held that §411 confers no such authority upon the Commission. For the reasons more fully set forth in that opinion, the order of the Superior Court is reversed, and the matter remanded to the Commission for action consistent with the views expressed in this opinion.

Mr. Justice BELL concurs in the result.